UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AETNA LIFE INSURANCE COMPANY : | |
| : | CASE NO. |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| LEO GLEASON, MICHELLE GLEASON, : | |
| and JUSTIN KIM : | |
| : | |
| Defendants. : | |

## INTERPLEADER COMPLAINT

Aetna Life Insurance Company ("Aetna"), by and through its attorneys, and for its Complaint in Interpleader, alleges as follows:

### PARTIES

1. Aetna is a corporation organized under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut. It is licensed to do business in the Commonwealth of Massachusetts. In November 2017, Hartford Life and Accident Insurance Company ("Hartford Life") acquired Aetna's group benefits business and, in connection with that transaction, Aetna appointed Hartford Life as its attorney-in-fact to, among other things, administer claims under certain and policies underwritten by Aetna, including the policy at issue in this litigation.

2. Upon information and belief, Defendants, Leo Gleason and his wife Michelle Gleason ("Gleasons"), reside in Plainville, Massachusetts.

3. Upon information and belief, Defendant, Justin Kim, resides in Lester, Pennsylvania.

4. The Gleasons and Kim have filed competing claims to a death benefit in the amount of $100,000 ("Benefit") payable in connection with Life Insurance Conversion Policy No. N39335760 ("Policy") issued to James Gleason.

5. According to a Certificate of Death received by Hartford Life, James Gleason died on April 29, 2023.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1335 (Statutory Interpleader), which provides the Court with original jurisdiction over any civil action of interpleader involving $500 or more if two or more adverse claimants of diverse citizenship claim, or may claim, to be entitled to the property at issue. Aetna will request the Court's permission to pay the disputed amount into the Registry of the Court.

7. Venue is proper pursuant to 28 U.S.C. § 1397 and 28 U.S.C. §1391(b), because one of the Defendants resides in this judicial district and a substantial part of the events giving rise to this action occurred in this judicial district.

## GENERAL FACTUAL ALLEGATIONS

8. In or about January 2019, James Gleason submitted to Aetna an Application for Conversion of Group Term Life and Accidental Death Insurance ("Conversion Application"), in which he applied for an individual life insurance policy in the amount of $100,000 in accordance with the provisions of a group policy issued to Societe Air France.

9. In the Conversion Application, James Gleason named Leo Gleason, who he identified as his brother, as sole primary beneficiary, and Justin Kim, who he identified as his friend, as sole contingent beneficiary.

10. Aetna received a Beneficiary Designation, purportedly e-signed by James Gleason on June 24, 2021, naming Leo Gleason (50%) and Michelle Gleason (50%) as primary beneficiaries of the Policy, with no contingent beneficiary.

11. Aetna received a Beneficiary Designation Change Form, purportedly executed by James Gleason and witnessed on July 17, 2022, naming Justin Kim as sole primary beneficiary.

12. On or about May 22, 2023, Aetna received a Proof of Death Individual Life Statement from Justin Kim, claiming the death benefit under the Policy.

13. On or about May 24, 2023, the Gleasons commenced an action in Massachusetts Superior Court ("State Action") against Aetna, Hartford Life, The Hartford Financial Services Group, and Selman and Company, alleging, *inter alia*, that, in or around the Spring of 2021, they entered into an agreement with James Gleason pursuant to which the Gleasons "would provide James Gleason with $30,000 and pay [James Gleason's] life insurance premiums in consideration of both [Gleasons] becoming the beneficiaries" of the Policy.

14. The State Action seeks judgment declaring the Gleasons as "rightful beneficiaries" of the Policy.

15. Justin Kim is not a party in the State Action.

**FIRST COUNT-INTERPLEADER**

16. Aetna realleges and incorporates the allegations of the previous paragraphs.

17. Aetna cannot determine the proper beneficiary or beneficiaries of the Policy without risking exposure to double liability.

18. As a mere stakeholder, Aetna makes no claim to the Benefit other than payment of its reasonable attorney's fees and costs in connection with this action. Aetna therefore respectfully requests that this Court determine to whom the Benefit should be paid.

19. Aetna requests permission of the Court to deposit the full amount of the Benefit into the Registry of the Court.

**WHEREFORE**, Plaintiff Aetna requests that the Court enter judgment as follows:

(i) Restraining and enjoining Defendants by Order and Injunction of this Court from instituting or continuing any action or proceeding in any state or United States court against Aetna, Hartford Life, The Hartford Financial Services Company, or Selman and Company, for recovery of the any benefits under the Policy, including but not limited to the Gleasons' State Action;

(ii) Requiring that Defendants litigate or settle and adjust between themselves their claim for the Benefit, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the Benefit, plus any applicable interest, should be paid;

(iii) Permitting Aetna to pay the Benefit plus any applicable interest into the Registry of the Court;

(iv) Dismissing Aetna with prejudice from this action and discharging Aetna, Hartford Life, The Hartford Financial Services Company, and Selman and Company, from any further liability upon payment of the Benefit into the Registry of this Court, or as otherwise directed by this Court;

(v) Awarding Aetna its attorney's fees and costs to be deducted from the Benefit;

(vi) Awarding such other and further relief to which Aetna is entitled in law or equity, as this Court deems just and proper.

Dated: June 29, 2023

    Respectfully submitted,

    By: /s/ *Patrick W. Begos*
        Patrick W. Begos (BBO #708719)
        ROBINSON & COLE LLP
        1055 Washington Boulevard
        Stamford, CT 06901
        Tel: (203)462-7500
        Fax No: (203) 462-7599

        *Counsel for Plaintiff, Aetna Insurance Company*