UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 1:23-cv-11466-JCB

| | |
|---|---|
| AETNA LIFE INSURANCE COMPANY | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>)<br>) |
| LEO GLEASON, MICHELLE GLEASON, and JUSTIN KIM | )<br>)<br>) |
| Defendants. | )<br>)<br>)<br>) |
| LEO GLEASON AND MICHELLE GLEASON | )<br>)<br>)<br>) |
| Crossclaim Plaintiffs | ) |
| v. | )<br>) |
| JUSTIN KIM | )<br>) |
| Crossclaim Defendant | )<br>)<br>)<br>) |

**JOINT ANSWER TO INTERPLEADER COMPLAINT WITH CROSSCLAIM**

The Defendants, Leo Gleason and Michelle Gleason, respond to the allegations made in the interpleader complaint, paragraph by paragraph, as follows:

1. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and can neither admit nor deny said allegations and call upon Plaintiff to prove same.

2. Admitted.

3. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and can neither admit nor deny said allegations and call upon Plaintiff to prove same.

4. The Defendants admit only that the Defendants have filed a claim as alleged in paragraph. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding co-Defendant Justin Kim and can neither admit nor deny said allegations and call upon Plaintiff to prove same.

5. The Defendants admit only the existence of a Certificate of Death stating James Gleason died on April 29, 2023. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether or not Hartford Life received said Certificate and can neither admit nor deny said allegation and call upon Plaintiff to prove same.

### JURISDICTION AND VENUE

6. Admitted.

7. Admitted.

### GENERAL FACTUAL ALLEGATIONS

8. Admitted.

9. The Defendants admit only that James Gleason named Leo Gleason, his brother, as his sole beneficiary. The Defendants are without knowledge or information sufficient to form a

belief as to the truth of the rest of the allegations contained in this paragraph and can neither admit nor deny said allegations and call upon Plaintiff to prove same.

10. Admitted.

11. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and can neither admit nor deny said allegations and call upon Plaintiff to prove same.  In further answering, Defendants state that Justin Kim has no interest in the policy or in the proceeds thereof.

12. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and can neither admit nor deny said allegations and call upon Plaintiff to prove same.  In further answering, Defendants state that Justin Kim has no interest in the policy or in the proceeds thereof.

13. Admitted.

14. Admitted.

15. Admitted.

### FIRST COUNT-INTERPLEADER

16. Defendants repeat their answers to the allegations in the preceding paragraphs and incorporate the same herein by reference.

17. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and can neither admit nor deny said allegations and call upon Plaintiff to prove same.

18. The Defendants deny that Plaintiff is entitled to any reimbursement for attorney fees or costs associated with this action and call upon Plaintiff to prove same.

19.     This paragraph contains one or more legal conclusion(s) to which no response(s) from Defendants is required; to the extent one or more response(s) are required, Defendants state that the Benefit of the funds in the within matter shall be paid to the Defendants for all the reasons set forth below in the Counterclaim and Crossclaim.

Dated: August 31, 2023                                                            Respectfully submitted,

 

                                          Leo and Michelle Gleason,
                                          By their Attorneys,

/s/Narini Badalian, Esq.
_____
Herbert S. Cohen, Esq. BBO# 089180
Narini Badalian, Esq. BBO #690495
Cohen Law Group
500 Commercial Street, Suite 4R
Boston, MA 02109
(t) 617-523-4552
(f) 617-723-9211
hscohenlaw@gmail.com
narini@cohenlawgroupboston.com

## CROSSCLAIM

## CROSSCLAIM PLAINTIFFS LEO AND MICHELLE GLEASON V CROSSCLAIM DEFENDANT JUSTIN KIM

### PARTIES

1. Crossclaim Plaintiffs Leo and Michelle Gleason (the "Gleasons") are married to each other and live in Plainville, Massachusetts.

2. Under Information and belief, Defendant Justin Kim, party to the interpleader complaint, (hereinafter "Crossclaim Defendant"), lives in Lester, Pennsylvania.

### 3. JURISDICTION

4. This Court has original jurisdiction pursuant to 28 U.S.C. §1335 (Statutory Interpleader), which provides the Court with jurisdiction over any civil action of interpleader involving $500 or more if two or more adverse claimants of diverse citizenship claim or may claim to be entitled to the property at issue.

5. This Court also has original jurisdiction pursuant to 28 U.S.C. §1332 (Diversity of Citizenship) whereas the amount in controversy exceeds the sum or value of $75,000 and the parties are citizens of different States.

6. Venue is proper pursuant to U.S.C. §1397 and 28 U.S.C. §1391(b) because the Crossclaim Plaintiffs reside in this judicial district, the District of Massachusetts and a substantial part of the events giving rise to this action occurred in this judicial district.

### FACTS

7. James Gleason, the policy holder of the life insurance policy, no. N39335760, at issue in the within matter, died on Aprily 29, 2023, pursuant to his Certificate of Death issued by the Commonwealth of Pennsylvania Department of Health.

8. Crossclaim Plaintiff, Leo Gleason is the brother of the deceased James Gleason.

9. Crossclaim Plaintiff, Michelle Gleason, is married to Crossclaim Plaintiff Leo Gleason, and is the sister-in-law of the deceased James Gleason.

10. The Gleasons are the rightful beneficiaries of the life insurance policy, at issue in the within matter. Pursuant to the designated beneficiary form of said life insurance policy, incorporated by reference herein as Exhibit A, the Gleasons were named as the designated beneficiaries in June of 2021. ("Exhibit A").

11. In or around the spring of 2021, James Gleason was having financial difficulties and sought out third parties to sell his life insurance policy to.

12. In or around that time, Crossclaim Plaintiffs, the Gleasons and policy holder James Gleason made an agreement (the "Agreement") whereas, the Gleasons would buy James Gleason's life insurance policy by paying James Gleason $30,000 and pay the premium on James Gleason's life insurance policy, in consideration thereof, both Leo and Michelle Gleason would become the sole and irrevocable beneficiaries of James Gleason's Aetna life insurance policy for the full policy amount of $100,000 (one hundred thousand dollars).

13. At the time of the Agreement between James Gleason and his brother and sister-in-law, the Gleasons, Crossclaim Plaintiff Leo Gleason was the existing named designated beneficiary of his brother James Gleason's life insurance policy, which had been in place for over two decades.  The addition of Leo Gleason's wife, Michelle Gleason, based on the Agreement made between the Gleasons and James Gleason, provided Crossclaim Plaintiffs

with assurance that the Gleasons would be the sole and irrevocable designated beneficiaries of James Gleason's life insurance policy.

14. Pursuant to the Agreement, and in reliance thereof, in the year 2021, Crossclaim Plaintiffs, the Gleasons, issued four checks to policy holder James Gleason, each for $7,500, totaling $30,000, hereinafter incorporated by reference as Exhibit B. ("Exhibit B").

15. Pursuant to the agreement, and in reliance thereof, between July 2021 and December 2022, Crossclaim Plaintiffs, the Gleasons, paid at least $10,143.76 in policy premiums directly to Aetna and Hartford Life Insurance service provider, SelmanCo, online, hereinafter incorporated by reference Exhibit C. ("Exhibit C").

16. The promise made by James Gleason to name the Gleasons as sole designated beneficiaries of his life insurance policy, was intended to and in reliance thereof induced the Gleasons to take the actions described in the preceding two paragraphs, ¶15 and ¶16; making payments totaling $40,143.76 based on James Gleason's promise to name Crossclaim Plaintiffs as sole and irrevocable beneficiaries of his life insurance policy.

17. At some point before his death, James Gleason breached the Agreement he had made with the Gleasons and unlawfully removed the Gleasons as the sole beneficiaries under the Aetna life insurance policy at issue in the within matter.

18. Under information and belief, James Gleason unlawfully and fraudulently named Crossclaim Defendant, Justin Kim as the beneficiary under the Aetna life insurance policy at issue in the within matter.

19. James Gleason had induced the Gleasons to pay him $30,000 and over $10,000 for his Aetna life insurance policy premiums, by fraudulently misrepresenting and promising to the

Crossclaim Plaintiffs that the Gleasons would be the sole and irrevocable beneficiaries to the $100,000 life insurance policy at issue in the within matter.

20. Under information and belief, James Gleason, died intestate with little to no assets in his estate at the time of his death. Pursuant to a Notice from the Registry of Wills in Philadelphia, Pennsylvania where decedent resided and is decedents recorded place of death, no record of probate of decedent's estate could be located in said Registry's records, incorporated by reference and attached herein as Exhibit D. ("Exhibit D").

21. Under information and belief, any assets that James Gleason might have had, passed to his friend, Crossclaim Defendant, Justin Kim, through non-probate channels.

## COUNT I
## PROMISSORY ESTOPPEL

22. Crossclaim Plaintiffs reallege their allegations in the preceding paragraphs and incorporate the same herein by reference.

23. Crossclaim Plaintiffs, the Gleasons were promised to be the sole named beneficiaries of James Gleasons life insurance policy at his death if the Gleasons paid the premiums on said life insurance policy and paid the life insurance policy holder, James Gleason, $30,000.

24. In reliance, thereof, Crossclaim Plaintiffs, the Gleasons, took reasonable actions and performed their part of the Agreement by paying James Gleason $30,000 and paying the life insurance policy premiums.

25. Crossclaim Plaintiff's reliance on James Gleason's promise amounted to detrimental reliance because the Gleasons paid over $40,000 in reliance on James Gleasons promise to name the Gleasons as sole beneficiaries under his life insurance policy.

26. The Gleasons fully performed their obligations under the Agreement with James Gleason and in reliance on James Gleasons promise that the Gleasons would benefit from the $100,000 life insurance policy upon James Gleasons death.

27. James Gleason unlawfully removed the Gleasons as named beneficiaries on his life insurance policy and named Crossclaim Defendant Justin Kim.

28. Justice requires this Honorable Court to estopp Crossclaim Defendant Justin Kim from claiming any benefit from the life insurance policy at issue in the within matter.

29. Injustice will result to the Crossclaim Plaintiffs, the Gleasons, if this Court does not enforce James Gleasons promise and award the life insurance benefit to the rightful beneficiary, Crossclaim Plaintiffs, the Gleasons.

>WHEREFORE, Crossclaim Plaintiffs, the Gleasons, respectfully request this Honorable Court find in their favor, and enforce the terms of the Agreement based on James Gleasons promise, estopp Crossclaim Defendant Justin Kim, and reinstate the Gleasons as the rightful beneficiaries under the life insurance policy and award Crossclaim Plaintiffs reasonable attorney's fees and costs.

## COUNT II
## UNJUST ENRICHMENT

30. Crossclaim Plaintiffs reallege their allegations in the preceding paragraphs and incorporate the same herein by reference.

31. Crossclaims Plaintiffs, the Gleasons paid for the policy premiums without which the life insurance policy would have lapsed.

32. Crossclaim Plaintiffs, the Gleasons, paid James Gleason $30,000 to be the sole named beneficiaries of the life insurance policy James Gleason's death.

33. Crossclaim Plaintiffs took the actions described in the preceding paragraphs in order to keep the life insurance policy active and benefit from the $100,000 life insurance policy payout.

34. The Court must not allow anyone other than Crossclaim Plaintiffs, the Gleasons, from claiming the life insurance policy benefits, doing otherwise would be inequitable and repugnant to our system of justice to allow for unjust enrichment to Crossclaim Defendant based on the fraud and said contractual breach of the deceased James Gleason.

35. Crossclaim Plaintiffs reallege their allegations in the preceding paragraphs and incorporate the same herein by reference.

> WHEREFORE, Crossclaim Plaintiffs, the Gleasons, respectfully request this Honorable Court find in their favor, against Crossclaim Defendant, Justin Kim, and reinstate the terms of their Agreement with the deceased James Gleason in order to make Crossclaim Plaintiffs whole and award Crossclaim Plaintiffs reasonable attorney's fees and costs.

## COUNT III
## QUANTUME MERUIT

36. Crossclaim Plaintiffs reallege their allegations in the preceding paragraphs and incorporate the same herein by reference.

37. Counterclaim Plaintiffs, the Gleasons paid James Gleason $30,000 and paid over $10,000 for the policy premiums of his life insurance policy, at issue in the within matter, in order to benefit from the $100,000 life insurance policy.

38. Crossclaim Plaintiffs, the Gleasons provided value and kept the life insurance policy active which would have otherwise lapsed.

39.  Crossclaim Plaintiffs have a reasonable expectation of being reimbursed for the monies they disbursed in preventing said Aetna life insurance policy from lapsing.

WHEREFORE, Crossclaim Plaintiffs, the Gleasons, respectfully request this Honorable Court find in their favor, against Crossclaim Defendant, Justin Kim, and reinstate the terms of their Agreement with the deceased James Gleason in order to make Crossclaim Plaintiffs whole and award Crossclaim Plaintiffs reasonable attorney's fees and costs.

Dated: August 31, 2023                                        Respectfully submitted,

                                                              The Crossclaim Plaintiffs,
                                                              By their Attorneys,

                                                              /s/Narini Badalian, Esq.
                                                              _____
                                                              Herbert S. Cohen, Esq. BBO# 089180
                                                              Narini Badalian, Esq. BBO #690495
                                                              Cohen Law Group
                                                              500 Commercial Street, Suite 4R
                                                              Boston, MA 02109
                                                              (t) 617-523-4552
                                                              (f) 617-723-9211
                                                              hscohenlaw@gmail.com
                                                              narini@cohenlawgroupboston.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 31, 2023, the above document was filed electronically in the CM/ECF system and served on all registered participants as identified on the Notice of Electronic Filing.

                                                /s/ Narini Badalian
                                                  Narini Badalian, Esq.